UNITED STATES OF AMERICA,
Plaintiff,

William Sean Michael Lowry,
Plaintiff–Appellant,

v.

WALGREEN COMPANY, INC.,
Defendant–Appellee.

No. 10–14759
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

June 9, 2011.

G. Mark Simpson, Simpson Law Firm,
LLC, Jonesboro, GA, Robert P. Christensen, Robert P. Christensen, PA, Louis
Park, MN, Gary J. Takacs, Attorney at
Law, Clearwater, FL, Neil P. Thompson,
Law Office of Neil P. Thompson, James G.

* Honorable Hugh Lawson, United States District Judge for the Middle District of Georgia,       sitting by designation.

Vander Linden, Levander & Vander Linden, PA, Minneapolis, MN, Brian Wojtalewicz, Wojtalewicz Law Firm, Ltd., Appleton, MN, for Plaintiff–Appellant.

Frederick Robinson, Mark Thomas Emery, Jonathan Saul Franklin, Peter Leininger, Fulbright & Jaworski, LLP, Washington, DC, Scott J. Flint, Broad & Cassel, Tampa, FL, Gabriel L. Imperato, Broad & Cassel, Fort Lauderdale, FL, for Defendant–Appellee.

Before EDMONDSON, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

William Lowry appeals the dismissal of his False Claims Act *qui tam* action against Walgreen Company, Inc. (Walgreen) and the denial of his motion for leave to file a third amended complaint. On appeal, Lowry argues the district court misinterpreted the term "actual charge on the claim for program benefits" in 42 C.F.R. § 414.904. After review, we affirm.[1]

The False Claims Act prohibits knowingly presenting "a false or fraudulent claim for payment or approval" or knowingly making or using "a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729(a)(1)(A), (B). "The False Claims Act does not create liability merely for a health care provider's disregard of Government regulations or improper internal policies unless, as a result of such acts, the provider knowingly asks the Government to pay amounts it does not owe." *United States* ex rel. *Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1311 (11th Cir.2002).

Medicare will reimburse a health care provider for 95% of a flu vaccine's average wholesale price. 42 U.S.C. § 1395u(*o*)(1)(A)(iv). Section 1395u(*o*)'s implementing regulation states that such reimbursement is based on "the lesser of . . . [t]he actual charge on the claim for program benefits; or . . . 95 percent of the average wholesale price." 42 C.F.R. § 414.904(a), (e).

The district court did not err in dismissing Lowry's action and denying him leave to file a third amended complaint. *See Sibley v. Lando,* 437 F.3d 1067, 1073 (11th Cir.2005) (stating a district court may dismiss where an "amendment would be futile"). First, Lowry's second amended complaint failed to state a claim because it cited a regulation governing Medicaid reimbursements while alleging that Walgreen filed fraudulent Medicare claims. Second, an amendment would have been futile because Lowry's proposed third amended complaint also failed to state a claim under the False Claims Act. *See Sibley,* 437 F.3d at 1073. The plain language of both 42 U.S.C. § 1395u(*o*) and 42 C.F.R. § 414.904 merely sets an upper reimbursement limit of 95% of the vaccine's average wholesale price, and nothing in either section references a provider's advertised price or "usual and customary charge." Accordingly, we affirm the district court's dismissal of the action and the denial of leave to file a third amended complaint.

**AFFIRMED.**

---

1. We review a district court's dismissal of a complaint for failure to state a claim *de novo,* "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Timson v. Sampson,* 518 F.3d 870, 872 (11th Cir.2008). We also reviews issues of statutory interpretation *de novo. Id.*